T.C. Memo. 1997-436


UNITED STATES TAX COURT


ANTHONY J. MCCARTHY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 16929-96.                    Filed September 24, 1997.


<u>Toni Robinson</u>, Raj J. Mahale, Susan L. Moon, Erin M.

O'Hanlon, for petitioner.

<u>Robert E. Marum</u>, for respondent.


MEMORANDUM OPINION


DINAN, <u>Special Trial Judge</u>:   This case was heard pursuant

to section 7443A(b)(3) and Rules 180, 181, and 182.[1]

---

[1] Unless otherwise indicated, all section references are
to the Internal Revenue Code in effect for the taxable year in
issue.  All Rule references are to the Tax Court Rules of
Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax for 1993 in the amount of $3,696.

After a concession by respondent,[2] the issue for decision is whether petitioner is entitled to a business loss deduction for amounts paid in connection with his son's motocross racing activity.

Some of the facts have been stipulated and are so found. The stipulations of fact and attached exhibits are incorporated herein by this reference. Petitioner resided in New Britain, Connecticut, on the date the petition was filed in this case.

Petitioner was employed as a construction worker during 1993, specializing in concrete work. He worked approximately 40 hours per week. Petitioner has three children. The activity in issue is related to his oldest son, Benjamin.

As early as 1989, at the age of 9, Benjamin showed an interest in riding motorcycles. Petitioner believed Benjamin had a special talent for racing far greater than other children his age. At the end of 1992, when Benjamin was 12 years old, father and son decided that they would devote a substantial amount of their energies to Benjamin's racing activity.

---

[2]    Respondent concedes that petitioner has substantiated the amounts of his claimed Schedule C expenses. Respondent has only disallowed the portion of the expenses that produced the loss in issue. Therefore, our decision is limited to such portion.

Petitioner conducted research on sponsorship opportunities and racing strategies. He decided which races Benjamin would enter and what size motorcycle Benjamin would ride. He performed any necessary maintenance or repair work on the motorcycles. In addition to his involvement in Benjamin's racing, petitioner's experience with motocross racing includes 2 years of his own amateur racing in 1976 and 1977.

Petitioner purchased a vehicle that he described as his "race truck". The vehicle has sleeping quarters for four individuals and is equipped with a refrigerator, microwave, toilet, shower with running hot water, and television. The vehicle also has a rear work area where petitioner prepares Benjamin's motorcycles for the races.

Benjamin entered numerous races and placed well in most of them. At the time of trial, Benjamin had not moved from the amateur to the professional level. As an amateur racer, he is not eligible to receive cash prizes for racing within the United States. During 1993, Benjamin won noncash vouchers worth $2,525 that were redeemable for racing merchandise, parts, and equipment. He turned over $2,250 of the vouchers to petitioner, who used them to pay for racing expenses.

Benjamin reported gross income in the amount of $2,525 for the vouchers on his 1993 Federal income tax return. He claimed a deduction in the amount of $2,250 for management fees. The

management fees consisted solely of the vouchers that Benjamin gave to petitioner.

Petitioner reported gross receipts in the amount of $2,250 on his 1993 Schedule C as management fees, representing the vouchers he received from Benjamin. He claimed Schedule C expenses related to Benjamin's racing activity in the amount of $15,467, which produced a loss of $13,217. In the statutory notice of deficiency, respondent disallowed the claimed loss on the ground that the expenses paid or incurred in connection with the racing activity were for an activity not entered into for profit under section 183.

Respondent's determinations in the statutory notice of deficiency are presumed to be correct, and petitioner bears the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Moreover, deductions are strictly a matter of legislative grace, and petitioner bears the burden of proving his entitlement to any deductions claimed. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

Petitioner claims that during 1993 he was engaged in the business of managing his 13-year-old son's motocross racing career.[3] He and Benjamin each testified that they had an unwritten understanding that petitioner would take care of the

_____

[3]    Benjamin turned 13 years old on April 14, 1993.

business and planning aspects of the racing while Benjamin would concentrate on training and improving his racing skills.

Section 162(a) provides for the deduction of all ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. Whether an activity constitutes the taxpayer's trade or business within the meaning of section 162(a) generally depends upon whether the taxpayer's primary purpose for engaging in the activity is for income or profit, and whether the activity is conducted with continuity and regularity. Commissioner v. Groetzinger, 480 U.S. 23, 35 (1987).

Both parties frame the issue in this case as being whether petitioner's claimed business loss for his management activity is limited by section 183. Section 183(a) disallows any deductions attributable to an "activity * * * not engaged in for profit", except as provided in section 183(b). The parties argue that the nine factors contained in section 1.183-2(b), Income Tax Regs., should guide our decision.

During 1993, petitioner supported Benjamin's participation in motocross racing. We find that petitioner has extended his time and effort well beyond the degree that parents ordinarily devote to their children's "extracurricular" interests. In any event, simply because he chose to spend an extraordinary amount of money on behalf of his son and devoted most of his spare time to Benjamin's motocross racing does not establish that petitioner's loss was incurred in a profit seeking activity. We

agree with petitioner's contention that Benjamin's motocross racing activity is different from his other children's extracurricular activities. However, we believe the difference between Benjamin's and his siblings' extracurricular activities is not in the nature of the activities (i.e., business versus personal), but in the amount of time and money spent by petitioner on those activities. We conclude that petitioner had personal rather than business motives for incurring the loss in question on behalf of Benjamin.

Furthermore, the record amply demonstrates that Benjamin has enjoyed a great deal of success at the amateur level of his motocross competition and may very well compete at the professional level at some time in the future. However, we find that petitioner did not engage in his management activity with the requisite profit objective necessary to support deductions under section 162(a) for the taxable year in issue. There was no possibility that petitioner could have realized a profit from his management activity during 1993 because Benjamin was an amateur motocross racer during that year and was not eligible to win any cash prizes. In fact, Benjamin was not eligible to compete as a professional for cash prizes until he turned 16 years old on April 14, 1996. At the age of 17, he had still not become a professional motocross racer.

If and when Benjamin begins to compete professionally for cash prizes, petitioner's management activity may be considered

an activity with the opportunity to produce a profit.  During the year in issue, however, petitioner failed to show a profit objective for conducting the activity in which he incurred the loss on behalf of his son.

We hold that petitioner is not entitled to the claimed business loss.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.